Rachel E. Kaufman, CA Bar No. 259353
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

Amanda F. Benedict, CA Bar No. 200291
LAW OFFICE OF AMANDA F. BENEDICT
7710 Hazard Center Dr., Ste E-104
San Diego, CA 92108
Telephone: (760) 822-1911
Facsimile: (760) 452-7560
amanda@amandabenedict.com

*Counsel for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUSTIN NEFF,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TOWBIN DODGE LLC,** a Nevada company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Justin Neff ("Neff" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Towbin Dodge LLC ("Towbin Dodge" or "Defendant") to stop Towbin Dodge from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages and making autodialed calls to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by Towbin Dodge's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself

and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

2. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

3. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

4. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id*.

5. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

## TOWBIN DODGE

6. Towbin Dodge runs a Dodge vehicle dealership in Nevada.

CLASS ACTION COMPLAINT
-2-

7. Towbin Dodge is a Towbin Automotive dealership:

[1]

8. Part of Towbin Dodge's marketing plan includes sending text messages *en masse* to consumers regarding promotions and other incentives that are meant to bring consumers into Towbin Dodge's dealership.

9. Such text messages are sent using an autodialer without the necessary express written consent.

10. Plaintiff received an autodialed text message to his cellular phone from Defendant soliciting him to purchase a car from Towbin Dodge.

11. Plaintiff also received a phone call from Defendant that is believed to be autodialed.

12. In response to the autodialed text message and call, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Towbin Dodge to cease sending unsolicited, autodialed text messages and making unsolicited, autodialed calls to consumers' cellular telephone numbers, as well as an award of statutory damages to the members of the Class.

---

[1] https://www.facebook.com/towbinauto/

CLASS ACTION COMPLAINT
-3-

## PARTIES

13. Plaintiff Neff is a Weaverville, California resident.

14. Defendant Towbin Dodge is a Nevada company located in Henderson, Nevada. Towbin Dodge solicits consumers in California and throughout the United States.

## JURISDICTION AND VENUE

15. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

16. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, and because the wrongful conduct giving rise to this case was directed to Plaintiff on Plaintiff's California area code cell phone number in this District.

## COMMON ALLEGATIONS

### Towbin Dodge Sends Unsolicited Text Messages and Makes Unsolicited Calls Using an Autodialer

17. Towbin Dodge sends text messages to consumers using an autodialer.

18. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to call numbers from pre-loaded lists. This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "help," and "STOP", the text messages' commercial and generic content, and that they were sent without consent, which is consistent with the use of an automatic telephone dialing system to send text messages.

CLASS ACTION COMPLAINT
-4-

19. Towbin Dodge also makes calls to consumers using an autodialer.

20. Consumers have posted complaints online about unsolicited and autodialed phone calls that they have received from Defendant Towbin Dodge:

- "calls and hangs up"[2]

- "towbin Chrysler, jeep & dodge calling"[3]

- "Voice mail… 13 seconds of hearing people talk in the background. Called back and got recorded message listing their hours…and I called during their open hours. [No] identifications as to who they are."[4]

- "Has called several times today, and numerous times in the past. No one says anything. Number is registered to Towbin Dodge…"[5]

- "Has to be robocall. Never quots or gives up even though calls are zapped."[6]

- "Calls and hangs up on you. Appears to be a scam. Called back and got a message: Thank you for your call. All of our representatives are busy and hangs up."[7]

## PLAINTIFF'S FACTUAL ALLEGATIONS

21. On January 1, 2020 at 7:45 AM, Plaintiff received an autodialed text message solicitation on his cell phone from Towbin Dodge using phone number 702-766-9356:

---

[2] https://whocallsme.com/Phone-Number.aspx/7027662110
[3] https://800notes.com/Phone.aspx/1-702-766-2110
[4] *Id.*
[5] https://800notes.com/Phone.aspx/1-866-603-3059
[6] *Id.*
[7] *Id.*

CLASS ACTION COMPLAINT
-5-



22. Florencio Rupley is the Sales Manager at Towbin Dodge, as the text message states:

[8]

23. On January 2, 2020, Plaintiff received what is believed to be an autodialed phone call to his cell phone from Defendant using phone number 530-203-5359 at 9:12 AM.

---

[8] https://www.towbindodge.net/about-us/staff/

24. Plaintiff answered this call and spoke with an agent who identified the company as being Towbin Dodge. Plaintiff asked the agent how Towbin Dodge acquired his phone number, but the agent was not able to answer. Plaintiff also asked why he was being called by Towbin Dodge, but the agent was not able to answer that question either.

25. Based on consumer complaints regarding phone calls from Towbin Dodge and the autodialed text message Plaintiff received, Plaintiff believes Towbin Dodge called him using an autodialer.

26. Plaintiff has never consented to Towbin Dodge sending him automated text messages to his cell phone or placing autodialed calls to his cell phone.

27. Plaintiff was not looking to purchase a car and has never visited Towbin Dodge. And, more specifically, Plaintiff has never consented to be contacted in any manner by Towbin Dodge

28. The unauthorized text message and call from Towbin Dodge harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Neff's use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

29. Seeking redress for these injuries, Neff, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages and calls to cellular telephones.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claim**

30. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called or text messaged, (2) on the person's cellular telephone number, (3) using a calling and/or text messaging platform substantially similar to the calling and/or text messaging platform Defendant used to call/text message Plaintiff, and (4) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call and/or text message Plaintiff, or (b) it did not obtain prior express consent.

31. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

32. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

CLASS ACTION COMPLAINT
-8-

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant used an automatic telephone dialing system to call and send text messages to Plaintiff and the members of the Class;

    (b) whether Plaintiff and members of the Class consented to receiving calls and text messages from Defendant sent using an automatic telephone dialing system;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

35. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Class)**

36. Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint and incorporates them by reference.

37. Defendant and/or its agents placed calls and/or sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

38. These solicitation calls and/or text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Class to receive such solicitation calls and/or text messages.

39. Defendant's conduct was negligent, wilful, or knowing.

40. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to between $500 and $1,500 for each and every text message.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Neff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Neff requests a jury trial.

Respectfully Submitted,

**JUSTIN NEFF**, individually and on behalf of those similarly situated individuals

Dated: January 29, 2020

/s/ *Amanda Benedict*
Amanda Benedict
Law Office of Amanda Benedict
7710 Hazard Center Drive, Ste E104
San Diego, CA 92108
Telephone: (760) 822-1911
amanda@amandabenedict.com

Rachel Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881